UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| IN RE: | Chapter 11 |
| PSB NY Holdings, LLC, | Case No: 1-25-42191-ess |
| | NOTICE OF MOTION |
| Debtor. | FOR RELIEF FROM STAY |

-------------------------------------------------------X

PLEASE TAKE NOTICE that upon the annexed affirmation of DORIS BARKHORDAR, ESQ., an associate of the law firm of DEUTSCH & SCHNEIDER, LLP, dated November 3, 2025, and the supporting papers, HOF GRANTOR TRUST 1 will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. ELIZABETH S. STONG |
| RETURN DATE AND TIME: | December 18, 2025 at 2:00 P.M. |
| COURT: | UNITED STATES BANKRUPTCY COURT<br>271 CADMAN PLAZA EAST, Room 3585<br>BROOKLYN, NEW YORK |
| PLACE OF HEARING: | An in person hearing will be held on the above date at above Court location. |
| | All participants, including g attorneys, clients, and pro se parties, must register to appear in advance of every appearance as indicated below. The appearance link will be provided by email to all parties that wish to participate 48 hours prior to the hearing upon the party's registration with eCourt Appearances. |
| | Please register with eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least two business days before the scheduled hearing. |

If for some reason you are not able to use the eCourt Appearances platform you must email the Courtroom Deputy at: ess_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. Your email must include in the Re: line "I am not able to register using eCourt Appearances." You will

then be provided with the dial in / log in information.

RELIEF REQUESTED:    An Order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1), (2) and (3), regarding the premises known as:

721 Shad Creek Road, Broad Channel, N.Y.

and for such other, further and different relief as this court deems just, proper and equitable.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested, must be served upon and received by DEUTSCH & SCHNEIDER, LLP, at their offices at 79-37 Myrtle Avenue, Glendale, New York 11385 no later than seven days prior to the motion date set forth above, and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York at 271 Cadman Plaza East, Brooklyn, New York 11201, no later than one day following the date of service.

Dated: Glendale, New York
       November 3, 2025

            DEUTSCH & SCHNEIDER, LLP
            Attorneys for
            HOF GRANTOR TRUST 1
            /s/ Doris Barkhordar
            By:_____
            Doris Barkhordar, Esq.
            79-37 Myrtle Avenue
            Glendale, New York  11385
            (718) 417-1700
            Our file #: LF-524 (b)

TO:    Attached Service List

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
IN RE:                                                                    Chapter 11

PSB NY Holdings, LLC,                                         Case No: 1-25-42191-ess

                                                                 AFFIRMATION IN SUPPORT OF MOTION
                          Debtor.                  FOR RELIEF FROM STAY

------------------------------------------------------X

       DORIS BARKHORDAR, the undersigned, an attorney duly admitted to practice before this Court, affirms under the penalty of perjury as follows:

       1. I am a senior associate at the law firm of DEUTSCH & SCHNEIDER, LLP, attorneys for the Movant and secured creditor, HOF GRANTOR TRUST 1("HOF" or "Movant"). I am fully familiar with the facts and circumstances of this case.

       2. I make this affirmation in support of the motion for an order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1), (2), and (3), and for such other and further relief this court deems just and proper.

       3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. Section 1334 and 157(b)(1). This is a proceeding seeking to vacate, modify, or terminate the automatic stay, and is therefore a "core" proceeding within the meaning of 28 U.S.C. Section 157 (b)(2)(A).

## STATEMENT OF MATERIAL FACTS

### THE NOTE AND MORTGAGE

       4. The Debtor PSB NY HOLDING SLLC executed a note and mortgage in the amount of $352,000.00, dated on 08/05/21 to Loan Funder LLC Series 22540. See Note and Mortgage attached respectively as **Exhibits "A-1" and "A-2"**. Said mortgage was recorded in the Office of the City

Register of the City of New York, Queens County on 10/19/21 under CRFN 2021000410435. The Note and Mortgage were assigned to movant HOF by assignments, recorded in the above county on 5/28/24 & 9/16/24 under CRFN 2024000134663 and 2024000241525. **Exhibit "A-3"**

5. The Debtor PSB NY HOLDING SLLC also executed a building note and mortgage in the amount of $135,000.00, dated on 08/05/21 to Loan Funder LLC Series 22540. See Building Note Building and Mortgage attached respectively as **Exhibits "B-1" and "B-2"**. Said Building mortgage was recorded in the Office of the City Register of the City of New York, Queens County on 10/19/21 under CRFN 2021000410436. The Building Note and Building Mortgage were assigned to movant HOF by assignments, recorded in the above county on 6/17/24 and 10/15/24 under CRFN 2024000154172 and 2024000267126. **Exhibit "B-3"**.

6. The above Mortgages are first and second liens upon the real property known 721 Shad Creek Road, Broad Channel, NY (the "Subject Property"), owned by the debtor.

7. That per attached affidavit of Movant: the debtor defaulted on the mortgage(s) by failing to payoff same upon its maturity date of 08/5/22 and same was extended by several agreements to 3/31/24,(**Exhibit "C"**) yet the subject mortgage loan(s) remain due and owing. See Affidavit attached as **Exhibit "D"**.

## THE FORECLOSURE ACTION AND STAY

8. Upon debtor's mortgage defaults, Movant commenced a commercial foreclosure against the debtor, and others, in the New York Supreme Court, County of Queens, by the filing of a Summons and Complaint on 11/18/24 at Index No.: 724700/2024.

9. Upon Movant's filing of a motion for summary judgment therein, the corporate Debtor filed this bankruptcy case (then *pro se)* on 5/5/25, which stayed the foreclosure case.

10. According to a recent broker's price opinion, the fair market value of the property is $720,000.00. **Exhibit "E"**.

11. As indicated by the attached affidavit of movant, the Movant's claim as of October 29, 2025 is over **$746,690.04** [1]. Said affidavit also indicates that the movant has not received any post petition payments from the debtor herein. **Exhibit "D"**.

## RELIEF SOUGHT

I. **THE STAY SHOULD BE VACATED PURSUANT TO 11 U.S.C. SECTION 362(d)(1).**

12. The Bankruptcy Code at Section 362(d) provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

13. "Cause" exists to modify the stay because the debtor has not made any post-petition mortgage payments to the Movant since filing the petition on 05/05/24. The subject mortgage loans have matured, and the entire loan amount is due and owing. (See **Exhibit "D"**) See In re Taylor, 151 B.R. 646 (Bankr. E.D.N.Y. 1993), stating that debtor's failure to remit regular mortgage payments constitutes sufficient "cause" to lift automatic stay.

---

[1] This figure shall not be used as a payoff figure.

14. For the above reasons, the automatic stay should be vacated pursuant to 11 U.S.C. section 362(d)(1).

## II. THE STAY SHOULD ALSO BE VACATED PURSUANT TO SECTION 362(d)(2).

15. As a second ground to grant stay relief, the debtor lacks equity in the property, and same is not necessary to an effective re-organization of the Debtor.

16. As detailed above, the fair market value of the subject property is $720,000.00, and the Movant's mortgage loan debt alone as of date of this motion per attached affidavit/records is **over $746,000.00**. See Exhibits "E" and "D".

17. Therefore, the subject property is of no value to the estate, and debtor has no equity in the property.

18. It is the Debtor's burden of proof to establish that the property is necessary for an effective reorganization. In Re Christie, 159 B.R. 780 (1993)(E.D. Texas) citing 11 U.S.C. Section 362(g)(2). The Debtor has not established this. Here, the Subject Property - lacks equity, and is a financial burden to the Debtor.

19. Given the above, it is respectfully submitted that the automatic stay should be vacated pursuant to Section 362(d)(2) of the Bankruptcy Code.

## III. THE STAY SHOULD BE VACATED PURSUANT TO 11 U.S.C. SECTION 362(d)(3).

20. As a third ground to grant stay relief, same is warranted pursuant to 11 U.S.C. 362(d)(3). As admitted by the Debtor in its filed Petition, the instant Chapter 11 is a "single asset real estate" case. **Exhibit "F"**. The Bankruptcy Code at Section 362(d) provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay--

(1) ...

**(3) with respect to a stay of an act against single asset real estate under subsection (a) by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief** (or such later date as the court may determine for cause by order entered within that 90 day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –

    **(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time;** <u>or</u>

    **(B) the debtor has commenced monthly payments that–**
        (I) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); **and**

        **(ii) are in an amount equal to the interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;** or

(4) ...

11 U.S.C. Section 362(d) (*Emphasis Added*)

21. Unlike injunctive relief in other courts, a debtor need not demonstrate likelihood of success, irreparable harm, or any other factors to obtain stay relief; the bankruptcy stay is by name, and by nature, automatic. 'However, restraining creditors from enforcing their legitimate legal rights is strong medicine and our bankruptcy laws do not sanction the stay for stay's sake.' <u>In re RYYZ, LLC and RYYZ2, Corp.</u>, Case No. 1-12-47383 and Case No. 1-12-47384, USBC EDNY, (1993, J. Feller) citing <u>In re 266 Washington Assoc.</u>, 141 B.R. 275, 281 (Bankr. EDNY) aff'd 147 B.R. 827 (EDNY 1992).

22. Congress enacted 11 U.S.C. Section 362(d)(3) in 1994 to fast-track single asset real estate cases. <u>Section 363(d)(3) compels debtors to act swiftly by obligating them to fulfill one of two</u>

mandates by 'not later than the date that is 90 days after the' petition date. 11 U.S.C. Section 362(d)(3). The debtor must either file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time, or failing that, make monthly payments 'in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate'. 11 U.S.C. Section 362(d)(3)(B)(ii).

23. Section 362(d)(3) is specifically designed for single asset real estate cases. These cases typically amount to little more than a contest between the debtor and secured lender over real property that is, or can be, the subject of a foreclosure action. In In Re RYYZ, LLC, the Court further opined that:

> As explained by one court, by enacting Section 362(d)(3) "Congress expressly attempted to avoid the usual **delays experienced in Chapter 11 in single asset real estate cases, which historically have been filed to avoid a foreclosure and in the hope that the debtor can come up with some form of miracle in order to formulate an acceptable plan.**" NationsBank, N.A. v. LDN Corp. (In re LDN Corp.) 191 B.R. 329, 326 (Bankr. E.D. Va. 1996).
>
> The term "miracle" is apt. **With insufficient cash flow, an inability to obtain alternate financing, few creditors beside the lender, and quite often binding judgments of foreclosure, an attempt to satisfy the confirmation requirements of 11 U.S.C. Section 1129 is often a fool's errand.** (Citation omitted) In many instances, the only real promise of a single asset real estate case is a "nasty and costly two-party dispute..." (Citation omitted) **Under the circumstances the continuation of the automatic stay is of questionable value, and there is little reason to continue to frustrate a lender's legitimate right to pursue its collateral.**

(See In Re RYYZ, LLC, supra)(emphasis added)

24. In the instant Case, the Debtor's petition was filed on 05/05/25, and the Single Asset Real Estate debtor has failed to file a plan within 90 days, i.e. by 8/5/25. See pacer printout attached as **Exhibits "G"**. Furthermore, per attached affidavit of movant, debtor has failed to make any post-petition payments to the secured creditor/movant herein. See Exhibit "D".

25. Accordingly, the Debtor has not met the requirements of 11 U.S.C. Section 362(d)(3),

and the automatic stay should be vacated pursuant to said section of the Bankruptcy Code.

## **PROCEDURE**

26. The within notice of motion / supporting papers has been served on the necessary parties, as indicated by the attached affidavit of service.

27. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, your affirmant as the attorney for Movant, respectfully requests an Order of this court vacating the automatic stay pursuant to 11 U.S.C. Section 362(d)(1), (d)(2) and (d)(3), and for such other, further and different relief as may seem just, proper and equitable.

Dated: Glendale, New York  
       November 3, 2025

DEUTSCH & SCHNEIDER, LLP  
Attorneys for  
HOF GRANTOR TRUST 1

/s/ Doris Barkhordar  
By:_____  
   Doris Barkhordar, Esq.

## SERVICE LIST

**Via ECF notification/Email**

| | |
|---|---|
| Todd S. Cushner, Esq.<br>Cushner & Associates, P.C.<br>Email: todd@cushnerlegal.com | Counsel for Debtor |
| Counsel for Office of the United States Trustee<br>Eastern District of NY (Brooklyn)<br>Greg Zipes, Esq.<br>Email: greg.zipes@usdoj.gov | U.S. Trustee |

**Via Mail**

| | |
|---|---|
| PSB NY Holdings LLC<br>P.O. Box 88076<br>Los Angeles, CA 90009 | Debtor |
| Notice to<br>Paul S. Boyington<br>P.O. Box 88076<br>Los Angeles, CA 90009 | Listed Creditor |
| EABS Foundation Inc.<br>3806 Cameron Dr. NE<br>Lacey WA 98516-3888 | Listed Creditor |
| Con Edison<br>4 Irving Place, Rm 1875-S<br>New York, NY 10003-3502 | Listed Creditor |
| NYC Dept. Of Finance<br>Legal Affairs<br>345 Adams St., 3rd Fl<br>Brooklyn, NY 11201-3739 | Listed Creditor |
| NYC Dept. Of Finance<br>Enforcement<br>75 Pearl Street<br>New York, NY 10038-1441 | Listed Creditor |
| Martin Cudjoe<br>Phase Company LLC<br>150-19 113th Ave<br>Jamaica, NY 11433 | Listed Creditor |
| Call A Head-Porta Potty Co.<br>304 Cross Bay Blvd<br>Brand Channel, NY 11693 | Listed Creditor |

Case No. 1-25-42191-ess     Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

===================================================================

IN RE:

      PSB NY Holdings LLC,

                      Debtor.

===================================================================

NOTICE OF MOTION AND SUPPORTING PAPERS
SEEKING TO VACATE AUTOMATIC STAY

===================================================================

**DEUTSCH & SCHNEIDER, LLP**
Attorneys for
HOF GRANTOR TRUST 1
Office & P.O. Address, Telephone
Glendale Office
79-37 Myrtle Avenue
Glendale, New York  11385
Telephone  (718) 417-1700

===================================================================